UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | :    Case No. 1:23-cr-73 (CKK) |
| v. | : |
| | : |
| **HECTOR DAVID VALDEZ, et al.,** | : |
| | : |
| **Defendants.** | : |

**PROTECTIVE ORDER
GOVERNING DISCOVERY**

To expedite discovery provided by the government to the defendants, and to adequately protect the privacy rights of the persons identified therein, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1), it is hereby **ORDERED**:

1. **Materials Subject to this Order.** All materials provided by the United States in preparation for, or in connection with, any stage of this case (collectively, "the materials") are subject to this protective order ("the Order").

2. **Legal Defense Team.** The "legal defense team" includes defense counsel (defined as counsel of record in this case, including any post-conviction or appellate counsel) and any attorneys, investigators, paralegals, support staff, and expert witnesses who are advising or assisting defense counsel in connection with this case. The legal defense team shall not include the defendant or the defendant's family members, friends, or associates.

3. **Limitations on Dissemination.** Except as otherwise permitted by this Order, the legal defense team shall not disseminate the materials directly or through any person or instrumentality to any person, entity, or public forum, other than members of the legal defense team.

4. **Limitations on Use.** Subject to the limitations contained in this Order and without further order of the Court, the defendant and the legal defense team may use the materials solely in connection with this case, including any post-conviction or appellate litigation, and for no other purpose, and in connection with no other proceeding. The legal defense team may discuss the materials with and defense counsel may authorize the viewing of the materials by: (A) the defendant; and (B) other persons to whom this Court may authorize (hereinafter "court-authorized persons").

5. **Limitations on Reproduction.** Subject to the limitations contained in this Order, the legal defense team may physically or electronically reproduce the materials as deemed necessary by defense counsel for use in connection with this case. Except as authorized herein, the legal defense team shall not provide a copy, screenshot, or electronic reproduction of the materials to the defendant or any court-authorized person. Any reproductions of the materials authorized by defense counsel shall be treated in the same manner as the original materials.

6. **Storage Requirements.** Except as authorized herein, the legal defense team shall store the materials in a secure physical or electronic environment that limits access to members of the legal defense team. Defense counsel shall be responsible and accountable for maintaining, securing, and storing the materials, including all reproductions thereof, and taking all necessary precautions to prevent unauthorized access.

7. **Responsibility to Limit Disclosure of Sensitive Information.** If the legal defense team discusses the materials with or defense counsel authorizes the viewing of the materials by the defendant or a court-authorized person, the legal defense team shall ensure that neither the defendant nor any court-authorized person hears or views any portion of the materials that includes the following information:

  A. the names or nicknames of civilians;

  B. dates of birth;

  C. social security or taxpayer identification numbers;

  D. driver's license or non-driver's license identification card numbers;

  E. home, work or school addresses, or precise location information;

  F. telephone numbers, cellular numbers, or email addresses;

  G. relatives, including names and contact information;

  H. credit card, bank, debit, or other financial-account numbers; or

  I. medical or mental health history information.

8. **Sensitive Materials**

The United States may produce certain "SENSITIVE" materials to defense counsel, including but not limited to materials containing personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, and pole camera footage. Sensitive materials shall be plainly flagged as "SENSITIVE" prior to disclosure. No sensitive materials, or the information contained therein, may be disclosed to any persons other than the defendant, defense counsel, persons employed to assist the defense, or the person to whom the sensitive information solely and directly pertains, without prior notice to the United States and authorization from the Court. Absent prior permission from the Court, information marked as sensitive shall not be included in any public filing with the Court, and instead shall be submitted under seal (except if the defendant chooses to include in a public document sensitive information relating solely and directly to the defendant).. Sensitive materials must be maintained in the custody and control of defense counsel. Defense counsel may show sensitive materials to the defendant as necessary to assist in preparation of the defense, however, defense counsel may not provide a copy of sensitive

materials to the defendant. Moreover, if defense counsel does show sensitive materials to the defendant, defense counsel may not allow the defendant to write down any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure that is contained in the sensitive materials. If the defendant takes notes regarding sensitive materials, defense counsel must inspect those notes to ensure that the defendant has not copied down personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure. The procedures for use of designated sensitive materials during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. No party shall disclose designated sensitive documents in open court without prior consideration by the Court.

9. **Responsibility to Prevent Reproduction During Viewing.** If defense counsel authorizes the defendant or a court-authorized person to view the materials, the legal defense team shall ensure that the defendant or such court-authorized person does not copy, photograph, take screenshots, or otherwise reproduce the materials.

10. **Viewing by Incarcerated Defendants.** If the defendant is incarcerated by the District of Columbia Department of Corrections (hereinafter "DCDOC"), defense counsel is authorized to provide a copy of the materials to the DCDOC Office of General Counsel so that the defendant can view the materials pursuant to DCDOC's alternative viewing procedure. Before providing a copy of the materials to DCDOC, defense counsel must ensure that the materials provided to the defendant through DCDOC do not contain any sensitive information as enumerated in paragraph 5. Nothing in this Order relieves the defendant or the legal defense team of its obligation to execute a waiver, or to comply with any other requirements established by the DCDOC's Procedures for Attorney Visitation and Discovery/Surveillance Review policy.

11. **Notifications Regarding this Order.** Defense counsel must provide members of the legal defense team, the defendant, and any other court-authorized person, with a copy of this Order before providing them with access to, or permitting them to view, the materials.

12. **Disposition Following the Conclusion of this Criminal Case.** Following a dismissal or acquittal in this case, defense counsel shall destroy or return to the United States the materials. Following a conviction in this case, defense counsel may retain a copy of the materials. This Order shall remain in effect after the conclusion of this case and shall continue to govern the dissemination, use, reproduction, storage, and retention of the materials disclosed in this case. Nothing in this Order prevents the government from seeking a court order to further restrict the retention of the materials, and nothing in this Order prevents defense counsel from seeking a court order allowing broader retention of the materials.

13. **Automatic Exclusions from this Order.** This Order does not apply to the materials that are, or later become, part of the public record, including materials that have been received in evidence in this or other public trials, or materials that are publicly released by the U.S. Attorney's Office or the government of the District of Columbia, including the Metropolitan Police Department.

14. **Scope of this Order.** This Order does not prevent any party from objecting to the discovery or admission of the materials that it otherwise believes to be improper. This Order also does not constitute a ruling on: (A) any potential objection to the discoverability or admissibility of the materials; or (B) whether any particular part or parts of the materials is properly discoverable or admissible. This Order is not intended to limit the use of the materials in any judicial proceedings in this case.

15. **Modification of this Order.** Consent to this Order does not constitute a waiver or otherwise prevent any party from seeking modification of this Order.

**SO ORDERED** this 9th day of June, 2023.

_____
HONORABLE COLLEEN KOLLAR-KOTELLY
United States District Judge